J-A27017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LEONARD J. GITTER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ELENA BELOGOLOVSKY | : | |
| Appellant | : | No. 940 MDA 2023 |

Appeal from the Order Entered June 16, 2023
In the Court of Common Pleas of Union County Civil Division at No(s):
17-0702

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:                    **FILED: FEBRUARY 21, 2024**

Elena Belogolovsky (Mother) appeals, *pro se*, from the June 16, 2023 order, entered in the Court of Common Pleas of Union County, denying Mother's petition for civil contempt filed against Leonard J. Gitter (Father), denying as moot Mother's petition for enforcement of a custody order, granting Father's new matter in response to Mother's petition for enforcement of custody order and directing Mother to pay counsel fees, and granting in part and denying in part Father's petition for special relief regarding international travel.   The court included, as part of its order, findings of fact and conclusions of law.  **See** Order with Findings of Fact and Conclusions of Law, 6/16/23.  After our review, we rely upon the opinion authored by the

---

[*] Former Justice specially assigned to the Superior Court.

Honorable Lori R. Hackenberg to affirm the court's order. **See** Trial Court Opinion, 7/31/23.

The parties are former spouses. Their marriage lasted less than one year, and they separated when their child, A.G. (Child) (born June 2017), was five months old. This custody and support litigation began in late 2017.[1]

_____

[1] Mother's appeal from the trial court's January 3, 2023, support order is pending before this Court. **See Belogolovsky v. Gitter**, 156 MDA 2022.

Mother also appealed from the August 11, 2022, custody order, that granted the parties shared legal custody and granted Father primary physical custody. **See** Order, 8/21/22. On appeal, this Court remanded to the trial court to supplement its best interest analysis with consideration of the section 5337(h) relocation factors. **See** 23 Pa.C.S.A. § 5337(h). We also stated that "[w]ithin thirty (30) days of the date the record is remitted, the trial court shall enter a new custody order; the trial court shall delineate its reasons for the award in accordance with [s]ection 5323(d)." **L.J.G. v. E.B.**, 1261 MDA 2022 (Pa. Super. filed June 16, 2023) (unpublished memorandum decision), at *9. Additionally, we ordered that the August 11, 2022 custody order remain in effect as a temporary order. **Id.** Mother filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied, **see L.J.G. v. E.B.**, 303 A.3d 704 (Pa. 2023) (Table), and she also filed an appeal in this Court seeking recusal of the trial judge, which, by judgment order, this Court quashed. **See Gitter v. Belogolovsky**, 304 A.3d 761 (Pa. Super. 2023) (Table) (stating: "This case having been remanded to the trial court by way of this Court's Order and Memorandum Opinion filed June 16, 2023, and there being no merit to the argument that the trial court should recuse, this appeal is hereby quashed so that the matter may return to the trial court for a determination in accordance with the June 16, 2023 remand with instructions."). Mother sought reconsideration, which was denied on October 2, 2023. On November 29, 2023, President Judge Hackenberg complied with this Court's remand order, filed a supplemental opinion, and reinstated the August 11, 2022 custody order as a final order. Mother did not appeal this order.

Mother has also appealed from the trial court's order requiring Father's support payments be held in escrow pending resolution of the custody and support appeals. That appeal was disposed of by this Court. **See**

*(Footnote Continued Next Page)*

Briefly, the parties have been attempting to co-parent Child (now age 6), while navigating this protracted litigation. Father resides in Lakeland, Florida; Mother resides in Lewistown, Pennsylvania. Pursuant to President Judge Hackenberg's August 11, 2022 order, the parties share legal custody of Child. The order also provides that Father has primary physical custody of Child, and Mother has partial custody of Child. Mother's custodial periods are either in Pennsylvania, in which case Father pays for Child's travel, or in Florida, at Mother's option and expense. *See* Order, 8/11/22, at ¶¶ 4-8.

While the support and custody matters were pending on appeal, both parties filed petitions for special relief. President Judge Hackenberg held a hearing on May 16, 2023, at which both parties testified.

On June 16, 2023, the court entered an order, including findings of fact and conclusions of law, and disposed of the parties' motions. Mother filed a timely notice of appeal. She raises the following issues for our review:

1. Did the trial court commit an error of law and an abuse of discretion in denying Mother's petition for civil contempt?

2. Did the trial court commit an error of law and an abuse of discretion in granting Father's new matter and ordering Mother to pay Father's counsel fees?

---

*Belogolovsky v. Gitter*, 547 MDA 2023 (Pa. Super. filed Feb. 21, 2024) (unpublished memorandum decision).

3. Did the trial court commit an error of law and an abuse of discretion in holding the April 12, 2022 order in effect, when the parties' circumstances have changed and where the subsequent August 11, 2022 order partially contradicts the April 12, 2022 order?

4. Did the trial court commit an error of law and an abuse of discretion in denying Mother permission to take Child, who will be in Mother's custody for 6 weeks during summer, to visit his family in Israel for no more than 12 days, displaying antisemitism and anti-Israel bias?

5. Did the trial court commit and error of law and an abuse of discretion in denying Mother's petition for special relief (enforcement of custody order and emergency hearing) filed on March 20, 2023 as moot, while not conducting the hearing regarding Mother's petition on time and failing to consider Child's best interests and Mother's request for make-up days?

6. Did the trial court commit an error of law and an abuse of discretion in transferring the Child's passport to Father?

7. Did the trial court commit an error of law and an abuse of discretion in denying Mother's motion to recuse President Judge Hackenberg and transfer venue?[2]

8. Did the trial court commit an error of law and an abuse of discretion in denying Mother's motion for remote attendance of Court Watchers?

Appellant's Brief, at 3-4 (reworded for brevity).

_____

[2] Mother's call for President Judge Hackenberg's recusal and transfer of venue has been recycled at every turn, including for a third time on appeal before this Court. We note that Mother has made various accusations of bias and prejudice against not only President Judge Hackenberg, but also against Judge Michael Hudock, who formerly presided over the custody matter, against the court-appointed parenting coordinator and former judge, Lori Seratelli, and against the court-appointed custody evaluator. Accusations of bias or antisemitism, without any basis, are inappropriate and dangerous, and we remind Mother that a ruling against her is not evidence of either.

- 4 -

After a thorough review of the certified record, the parties' briefs, and the relevant law, we conclude that the record supports the trial court's determination. Consequently, we find no merit to Mother's contentions. The trial court opinion comprehensively discusses and properly disposes of Mother's claims on appeal. *See* Trial Court Opinion, 7/31/23, at 5-12.

Accordingly, we affirm the trial court's order and direct the parties to include a copy of the trial court's opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/21/2024

Circulated 01/29/2024 03:71 PM

# IN THE COURT OF COMMON PLEAS OF THE 17TH JUDICIAL DISTRICT OF PENNSYLVANIA, UNION COUNTY BRANCH

LEONARD J. GITTER,
Plaintiff

v.

ELENA BELOGOLOVSKY,
f/k/a ELENA GITTER,
Defendant

)
)
)
)
)
)
)
)
)

NO.  17-0702

CIVIL ACTION - LAW
IN CUSTODY

2023 JUL 31 PM 4: 21
PROTHONOTARY
CLERK OF COURTS
FILED
UNION COUNTY, PA.

## OPINION

Hackenberg, J. – July 31, 2023

This appeal stems from this Court's Order dated June 16, 2023, addressing numerous petitions, motions, and responses filed by Mother and Father between March and April 2023. By way of background, this Court entered a Final Custody Order dated August 11, 2022, which was appealed by Mother to the Superior Court.[1] In the interim of receiving a decision, Defendant filed a Petition for Civil Contempt on March 13, 2023, and a Petition for Special Relief: Enforcement of Custody Order and Emergency Hearing on March 20, 2023. Plaintiff filed a Response to Defendant's Petition for Civil Contempt on March 24, 2023. Plaintiff then filed a Petition for Special Relief RE: International Travel on April 17, 2023, and Defendant filed an Answer to Plaintiff's Petition for Special Relief RE: International Travel on April 20, 2023. On May 15, 2023, Defendant filed a Motion to Recuse and Transfer Venue. A hearing was scheduled for and conducted on May 16, 2023, to address all outstanding matters.

The Mother raises the following issues on the current appeal.

---

[1] On or about June 16, 2023, the Superior Court remanded this matter to the trial court to discuss the relocation factors within thirty (30) days. Mother has since appealed the Superior Court's decision to the Supreme Court.

1

1. With respect to the June 16, 2023 Order, Judge Hackenberg committed an error of law and an abuse of discretion in denying Mother's petition for civil contempt, notwithstanding the facts that:

   a. Judge Hackenberg herself, during the November 18, 2022 hearing, actively encouraged Father to file a contempt petition against Mother for picking-up the Child from school 30 minutes early. However, when Father did it on several occasions, Judge Hackenberg not only explicitly failed to find Father in Contempt but Ordered Mother to pay Father's legal fees.

   b. Father willfully willingly admitted violating shared legal custody by picking up the Child early from school on several occasions and by signing him up for soccer against Mother's objections.

2. With respect to the June 16, 2023 Order, Judge Hackenberg committed an error of law and an abuse of discretion in granting Father's New Matter and ordering Mother to pay Father's counsel fees. Judge Hackenberg, intra alia:

   a. Failed to consider legal and factual grounds of Mother's petitions.

   b. Failed to consider that Judge Hackenberg herself encouraged Father at the November 18, 2022 hearing to file contempt petition against Mother for picking up the child early from school, yet when Father admittedly willfully violated shared legal custody provision of the August 11, 2022 order [sic], she not only didn't find Father in contempt but ordered Mother to pay Father's legal fees.

   c. Failed to consider Father's numerous petitions, motions, and appeal.

2

d. Ignored the fact that the May 9, 2023 hearing pertained to the petition initiated by Father HIMSELF [sic] filed on April 17, 2023.

e. Perpetuated Judge Hackenberg's relentless financial abuse of Mother.

f. Displayed Judge Hackenberg's collaboration with Father and his lawyer to bankrupt Mother and strip her custody and her abuse of the prestige of judicial office by actively advancing Father's interests.

g. Allowing only the wealthy parent to get access to courts and justice and silencing the financially weaker parent.

h. Encouraging Father and his lawyer to keep filing petitions, for which Judge Hackenberg would order Mother to pay Father's legal fees.

i. Prohibiting Mother's right to appeal Judge Hackenberg's illegally improper and biased decisions by retaliating against Mother for seeking justice for the Child.

j. Failed to consider Child's best interests.

3. With respect to the June 16, 2023 Order, Judge Hackenberg committed an error of law and an abuse of discretion in holding the April 12, 2022 Order in effect, when the parties' circumstances have changed and where the subsequent August 11, 2022 order [sic] partially contradicts the April 12, 2022 order [sic].

4. With respect to the June 16, 2023 Order, Judge Hackenberg committed an error of law and an abuse of discretion in disregarding Child's best interests and denying Mother to take the Child, who will be in Mother's custody for 6 weeks during summer, to visit his family in Israel for no more than 12 days, displaying antisemitism and anti-Israel bias.

3

5. With respect to the June 16, 2023 Order, Judge Hackenberg committed an error of law and an abuse of discretion in denying Mother's Petition for Special Relief: Enforcement of Custody Order and Emergency Hearing filed on March 20, 2023 as moot, while not conducting the hearing regarding Mother's petition on time and failing to consider Child's best interests and Mother's request for make-up days.

6. With respect to the April 12, 2022 Order, Judge Hackenberg committed an error of law and an abuse of discretion in transferring the Child's passport to Father.

7. With respect to the June 12, 2023 [sic] Order, Judge Hackenberg committed an error of law and an abuse of discretion in denying Mother's motion to recuse Judge Hackenberg and transfer venue, notwithstanding the individual AND [sic] cumulative effect of Judge Hackenberg's illegally improper, biased rulings at the expense of Child's best interests; dismissal of all unfavorable evidence against Father while unjustly amplifying allegations against Mother; admitted arbitrary and unreasonable child custody rulings; violation of jurisdictional rules and failure to consider child's best interests; pattern of adopting Father's attorney's arguments and proposed orders without even writing an opinion or providing any explanation; abuse of prestige of judicial office by actively advancing Father's interests; violation of Mother's due process rights; clear advocacy on Father's behalf; failure to adhere to legal principles; unacceptable judicial demeanor; biased credibility determinations; issuing orders with sole purpose to bankrupt Mother and thus deprive her from custody of the Child; inadequate responses to Mother's motions to recuse; appointing Mrs. Sarah Stigerwalt-Egan as Law Clerk/Custody/Divorce Hearing Officer in this case, while disregarding the conflict of interest and the fact that Mother had prior discussions

4

about the case with her as legal counsel. Considering the totality of the circumstances, Judge Hackenberg's continued involvement in the case creates an appearance of impropriety and partiality, where a reasonable person would find a reasonable basis for questioning her impartiality (207 Pa. Code § 1.2, comment 5).

8. With respect to the May 9, 2023 Order, Judge Hackenberg committed an error of law and an abuse of discretion in denying Mother's Motion for Remote Attendance of Court Watchers.

Mother's first appellate issue argues this Court committed an error of law and an abuse of discretion in denying Mother's petition for civil contempt. "A finding of civil contempt requires proof by a preponderance of the evidence that "the contemnor acted with wrongful intent." P.H.D. v. R.R.D., 56 A.3d 702, 706 n.7 (Pa. Super. 2012). "[W]hen making a determination regarding whether a defendant acted with wrongful intent, the court should use common sense and consider context, and wrongful intent can be imputed to a defendant by virtue of the substantial certainty that his actions will violate the court order." Commonwealth v. Reese, 156 A.3d 1250, 1258 (Pa. Super. 2017), see also Gross v. Mintz, 284 A.3d 479, 492-93 (Pa. Super. 2022). Mother continues to misinterpret and misapply this Courts' Orders and dicta. To support her argument, Mother refers to a proceeding that occurred on November 18, 2022, addressing both Mother's Petition for Special Relief and Father's Petition for Special Relief involving enforcement of this Court's August 11, 2022, Custody Order. Father's Petition addressed Mother removing Child from school before school dismissal. N.T., Transcript of Proceeding, November 18, 2022, p. 27. To address the issue, this Court specifically said, "the Court would note first and foremost that removal of [Child] from school without cause is a

5

violation of the parties shared legal custody and the Court would anticipate a contempt petition if such action were to continue." N.T., Transcript of Proceeding, November 18, 2022, p. 64.

The Court did not encourage either party to file a petition for contempt, but rather the Courts' comments were to encourage the parties to communicate for co-parenting purposes. In the Civil Contempt filed by Mother on March 13, 2023, Mother alleged Father removed Child from school before dismissal. During the hearing, Father testified to the educational component of Child's school end around 12 o'clock on Fridays. N.T., Transcript of Proceeding, May 16, 2023, p. 59. The Child was removed from school at 2:10 p.m. Id. at p. 57. Father's uncontroverted Exhibit number 5 displayed the Child's school records with no indication of unexcused absences or tardies while in Father's care. Mother failed to provide evidence of Father's willful intent to disobey this Court's Order. Mother's uncontroverted Exhibit number 2 regarding attendance records clearly indicates "[Child] did not get checkout [sic] during specials time." The school records clearly show Child was not removed from school prior to school dismissal. Therefore, based on the complete record, Mother's issue is without merit and should be dismissed.

Mother's second appellate issue argues this Court committed an error of law and an abuse of discretion in granting Father's New Matter and ordering Mother to pay Father's counsel fees. "A court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." 23 Pa. C.S.A. § 5339. Pursuant to 42 Pa. Cons. Stat. Ann. § 2503(7), Right of Participants to Receive Counsel Fees, "any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." "Any participant who is awarded counsel fees because the conduct of another party in

6

commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa. Cons. Stat. Ann. § 2503(9). Mother has continued to file numerous Petitions against Father, including Contempt, Special Reliefs, and Motions to Recuse and Change Venue. The hearing held on May 16, 2023, which resulted in this current appeal, addressed Mother's Petition for Civil Contempt filed March 13, 2023, Mother's Petition for Special Relief: Enforcement of Custody Order and Emergency Hearing filed March 20, 2023, Plaintiff's Response to Defendant's Petition for Civil Contempt filed March 24, 2023, Plaintiff's Response and New Matter to Defendant's Petition for Special Relief RE: Enforcement of Custody Order and Emergency Hearing filed March 30, 2023, Plaintiff's Petition for Special Relief RE: International Travel filed April 17, 2023, Defendant's Answer to Plaintiff's Petition for Special Relief RE: International Travel, Defendant's Motion to Recuse and Transfer Venue filed May 15, 2023, and Defendant's oral Motion for Contempt. In her argument, Mother mischaracterizes the Court's reason for scheduling the hearing, arguing it was based on Father's Motion filed on April 17, 2023. The May 16, 2023, hearing was scheduled to address Mother's original Petition for Civil Contempt filed in March 2023.

In her recent filing, specifically Mother's Civil Contempt Petition had no factual basis. *Supra*. The Civil Contempt contained insufficient evidence to support Mother's allegations. Mother raised the recusal and change of venue issue on numerous occasions, despite the Court's prior rulings and rational. In her recent Motion to Recuse and Change of Venue, Mother raised repeated issues with no merit to support it. See the Court's previous decisions. Mother's Motion is without any evidentiary support and meritless and constitutes obdurate, vexatious, and repetitive filings in bad faith due to the lack of any evidentiary support.

Lastly, regarding Mother's Motion for Special Relief, Mother was fully aware of the Court's jurisdictional limit to modify the final custody order due to Mother's appeal to the Superior Court. Despite that knowledge and understanding, Mother filed for special relief that was in bad faith and vexatious because the relief requested contradicts this Court's order. The Final Custody Order was clearly defined and addressed in previous court proceedings. Mother's requested relief in her special relief Motions were in clear contradiction to this Court's Final Custody Order. Mother's petitions have been meritless and filed in a vexatious manner. Mother's issue is without merit and should be dismissed.

Mother's third appellate issue argues this Court committed an error of law and an abuse of discretion in holding the April 12, 2022 Order in effect, when the parties' circumstances have changed and where the subsequent August 11, 2022 Order partially contradicts the April 12, 2022 Order. The April 12, 2022 Order addressing travel to Israel is an Order that is not in contradiction to the Final Custody Order. Pursuant to the Order dated April 12, 2023, the parent traveling to Israel with the Child shall not exceed twelve (12) days in Israel, in addition to other protocols. The Final Custody Order, dated August 11, 2022, provided Defendant physical custody of Child over his summer recess in Pennsylvania. Mother was requesting to spend the entire summer break with Child in Israel. Mother did not present credible evidence in a change of circumstances that would result in either parties' inability to comply with the April 12, 2022 Order. Therefore, based on the complete record, Mother's issue is without merit and should be dismissed.

Mother's fourth appellate issue is disingenuous. Mother argues this Court committed an error of law and an abuse of discretion in disregarding Child's best interests and denying Mother to take the Child, who will be in Mother's custody for six (6) weeks during summer, to visit his

8

family in Israel for no more than twelve (12) days, displaying antisemitism and anti-Israel bias. This is again a mischaracterization of the Court's ruling. International travel was addressed, in depth, by this Court in its April 12, 2022, Order. Pursuant to the Order dated April 12, 2023, the parent traveling to Israel with the Child shall not exceed twelve (12) days in Israel, in addition to other protocols. Pursuant to the Final Custody Order dated August 11, 2022, Defendant shall have physical custody of Child over Child's summer recess, **in Pennsylvania**, beginning the second Friday following Child's last day of school until two weeks before school resumes. *Emphasis added.* Mother has vocalized her disdain for this Court's custody ruling but has failed to provide any basis to her argument, or present credible evidence how the Court abused its discretion in any manner displaying antisemitism and anti-Israel bias. The Court categorically denies any allegations of antisemitic and anti-Israel bias. Mother's allegation is without any factual or evidentiary support. This Court has remained fair and impartial in all proceedings in this matter. Based on the complete record, Mother's issue is without merit and should be dismissed.

Mother's fifth appellate issue alleges this Court committed an error of law and an abuse of discretion in denying Mother's Petition for Special Relief: Enforcement of Custody Order and Emergency Hearing filed on March 20, 2023, as moot, and not providing her make-up days. Pursuant to the Final Custody Order dated August 11, 2022, Mother's combined periods of physical custody shall have no more than 7 days out of a 14-day cycle until no more than 6 days thereafter. Here, Mother requested enforcement of custodial time outside of the Court defined periods of physical custody. Mother provided Father with two (2) options for the Child's Spring break in Pennsylvania, either March 11th – 18th or March 12th – 19th, 2023. Based upon the options provided by Mother, Father booked option two, March 12th – 19th, 2023. Mother further

9

requested to have custodial time with Child March 24th – 30th, 2023, in Florida. The dates between March 19, 2023, when the Child returned to Florida, until March 24, 2023, when Mother wanted to exercise custody in Florida, exceeds the required timeframe permitted under the Court Order. Mother's specific relief exceeded Mothers period of physical custody set forth in the Court's final decision in its August 11, 2022 Order. Based on the complete record, Mother's issue is without merit and should be dismissed.

Mother's sixth appellate issue argues this Court committed an error of law and an abuse of discretion by transferring Child's passport to Father. "Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order, Pa. R. App. P. 341; (2) an interlocutory order as of right, Pa. R. App. P. 311; (3) an interlocutory order by permission, Pa. R. App. P. 312, 1311, 42 Pa. Cons. Stat. § 702(b); (4) or a collateral order, Pa. R. App. P. 313." Beltran v. Piersody, 748 A.2d 715 (Pa. Super. 2000). "A final order is any order that disposes of all claims and all parties, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination." Pa. R. App. P. 341(b)(1)-(3). "A custody order is considered final and appealable only if it is both: (1) entered after the court has completed its hearings on the merits; and (2) intended by the court to constitute complete resolution of the custody claims pending between the parties." Beltran, at 715. Rule of Appellate Procedure 313 permits a narrow exception to the general rule that only final orders are subject to appellate review. "Under this exception, an interlocutory order is considered 'final' and immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. This third prong requires that the matter must effectively

10

be unreviewable on appeal from final judgment." Commonwealth v. Wells, 719 A.2d 729, 730 (1998) (internal citations omitted). "All three factors set forth in Rule 313 must be met to qualify as a collateral order for appeal purposes." McGourty v Pennsylvania Millers Mut. Ins. Co., 704 A.2d 663, 665 (Pa.Super. 1997).

The Order from April 12, 2022, addressed an immediate issue of travel, which the parties requested the Court to address prior to the custody trial in August 2022. Therefore, the April 12, 2022 Order became a final Order thirty (30) days of the issuance date of the April 12, 2022 Order. The April 12, 2022 Order addressed the concerns of Child's passport. This issue was waived by Mother. Mother's issue is without merit and should be dismissed.

Mother's seventh appellate issue continues to be an obdurate and duplicitous issue. The majority of her argument was previously addressed by the Court in prior hearings held November 18, 2022, January 3, 2023, May 16, 2023, and in all subsequent appeals filed by Mother. The Defendant filed numerous Motions To Recuse Honorable Judge Lori R. Hackenberg, which this Court heard and ultimately denied said Motions. Here, Mother argues the Honorable Judge Lori R. Hackenberg "has illegally improper, biased rulings". Mother has vocalized her disdain for this Court's custody ruling but has failed to provide any basis to her argument, or present credible evidence. This Court remained fair and impartial in all proceedings in this matter. Therefore, based on the complete record, Mother's issue is without merit and should be dismissed.

Mother's eighth appellate issue argues this Court committed an error of law and an abuse of discretion in denying Mother's Motion for Remote Attendance of Court Watchers. Pa. R.C.P. No. 1930.3 permits, "with the approval of the court upon good cause shown, a party or witness may be deposed or testify by telephone, audiovisual or other electronic means at a designated

11

location in all domestic relations matters." The Court placed no restrictions on court watchers to appear in person in the courtroom for the proceedings. Court proceedings are open to the public. The Court recognizes and permits court proceedings to be open to the public. The court watchers were not identified as witnesses. Thus, Rule 1930.3 does not apply. Mother's issue is without merit and should be dismissed.

For all of the foregoing reasons, Mother's appeal is without merit and this Court's decision should be affirmed.

BY THE COURT:

LORI R. HACKENBERG, PJ.

cc: Darren J. Holst, Esquire, Counsel for Plaintiff
Leonard J. Gitter, natural father
Dr. Elena Belogolovsky, natural mother (pro se)
Sarah Stigerwalt-Egan, Esquire, Law Clerk
Deputy Court Administrator
Administrative Assistant

PROTHONOTARY-CLERK OF COURTS,
UNION COUNTY PA
CERTIFIED FROM THE RECORD ON THIS DATE

1 AUG 2023

BY:

12